**Hasiholan SIMANJUNTAK, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73098.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Filed May 17, 2013.

Armin Alexander Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

Nancy Canter, Trial, Elizabeth Robyn Chapman, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Depart-

ment of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

Hasiholan Simanjuntak, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that Simanjuntak failed to establish his experiences in Indonesia, cumulatively, rose to the level of persecution. *See id.* at 1059–60 (being beaten and robbed on two occasions, and accosted by a mob did not compel finding of past persecution). We reject Simanjuntak's contentions that the agency ignored or mischaracterized the evidence in analyzing past persecution. Substantial evidence also supports the BIA's finding that even under a disfavored group analysis, Simanjuntak failed to demonstrate sufficient individualized risk of persecution to establish eligibility for asylum. *See Halim v. Holder*, 590 F.3d 971, 978 (9th Cir.2009). Accordingly, his asylum claim fails.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Simanjuntak failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.